Reese, J.
delivered the opinion of the court.
*235 The complainant made to the defendant his bond for the payment of the sum of fifteen hundred dollars. The defendant sued the complainant at law upon this bond and recovered judgment. The complainant filed in the Chancery Court his bill to enjoin perpetually the collection of the amount so recovered at law. It appears from the bill, answer and proofs, that the son of complainant was for the term of two years a clerk in the mercantile establishment of the defendant, in the city of Nashville, at a salary of three hundred dollars per annum. After this period he went into the employment, as clerk, of another establishment in the same city. In this latter establishment he was soon detected in the daily abstraction and embezzlement of small sums of money, amounting in the aggregate, as he confessed, to a considerable sum of money. Defendant suspecting that the clerk, while in his employment, had been guilty of like abstractions and em-bezzlements, applied to the clerk for information on the subject, who admitted that he had been so guilty during the whole period of his employment. And the defendant having learned that during the time the son was in his service, he had loaned to his father the sum of fifteen hundred dollars and taken his note for the same, went to the father, the complainant, and made to him a full and fair statement of the occurrences at Nashville touching his son, and of his admissions and how they were procured. The complainant thereupon concurred with the defendant in believing that the fifteen hundred dollars loaned by his son to him was the money of the defendant, and gave his bond for the same, upon which the judgment at law referred to was obtained. He now states in his bill that his son has satisfied him of his innocency in the premises and that he signed the bond suddenly and without reflection, and that his son threatens to make him pay the note of fifteen hundred dollars which he holds upon him. It appears probable that the son took to Nashville five or six hundred dollars, and that during the time he was there he must have had about three thousand' dollars. His expenses for clothing and other matters seem to have been equal to those of other clerks. It cannot, under the circumstances of the case, and the proof in the record, *236 be made satisfactorily to appear whether the amount of the •bond given, by the complainant to defendant will exceed or fall short of a just and adequate indemnity to the defendant for the losses sustained by him. But this is not material. There is no ground to believe that the defendant claimed more than at the time he and the complainant honestly believed to have been abstracted by the clerk, or than the defendant has a right now to think was abstracted. The bond was voluntarily given by the complainant, probably for the identical money of the defendant abstracted by the son and loaned to himself. But this too is not material. The bond was voluntarily given without misrepresentation, fraud or circumvention. Under such circumstances, the bond, according to well settled principles will not be set aside by a court of Chancery. The father, from the whole circumstances, could hot have been ignorant as appears from the proof of the amount' of money possessed by his son when he went to Nashville, and if he had not received from his son the amount of money for which he gave his bond, or any part of it, and had yet chosen voluntarily to have given his bond for the indemnity of the defendant without misrepresentation, fraud or oppression on the part of the latter, he would not in such case be absolved by a court of chancery from the moral and legal obligation created by the bond. The Chancellor took this view of the matter and decreed accordingly, and we must affirm his decree.